Case 3:10-cv-02119-BTM-BLM Document 4 Filed 10/15/10 PageID.26 Page 1 of 3


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYNA MCSWEENEY,<br><br>　　　　Plaintiff,<br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | CASE NO. 10cv2119 BTM(WMc)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

　　　On October 12, 2010, Plaintiff filed a Complaint, a Motion to Proceed In Forma Pauperis ("IFP Motion"), and a Motion for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Motion for Appointment of Counsel is denied without prejudice.

## DISCUSSION

I. Motion to Proceed IFP

　　　Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

///

///

## II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In her Complaint, Plaintiff alleges that the Commissioner of Social Security was negligent in denying Plaintiff's application for benefits. Plaintiff indicates that she does not believe that she is required to seek judicial review of the Commissioner's decision as opposed to just suing the Commissioner for damages.

Plaintiff is incorrect. 42 U.S.C. § 405(h) provides:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.*

(emphasis added). Accordingly, claims that the Commissioner negligently evaluated medical evidence and wrongly concluded that a claimant was not disabled are barred. Hooker v. U.S. Dept. of Health and Human Serv.s, 858 F.2d 525, 529 (9th Cir. 1988). "Congress envisioned 'just this type of claim' . . . in creating an administrative remedial scheme by which an aggrieved person may contest the termination of benefits." Id.

In other words, if a claimant disagrees with the decision of the Appeals Council to deny a request for review, the claimant may obtain judicial review pursuant to 42 U.S.C. § 405(g). The claimant cannot sue for tort damages on the theory that she was wrongfully denied benefits.

Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court dismisses Plaintiff's Complaint. However, if Plaintiff wishes to seek judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), Plaintiff may file an amended Complaint on or before **November 22, 2010**.

III. <u>Appointment of Counsel</u>

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." <u>Id</u>.

At this point in time, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

## **CONCLUSION**

Plaintiff's Motion to Proceed IFP is **GRANTED**. However, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a First Amended Complaint on or before **November 22, 2010**. If Plaintiff fails to do so, the Court shall close this case. Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. In addition, the Court orders the Clerk to **SEAL** Attachments 3A and 3B of the Complaint and remove such documents from public viewing on CM/ECF, because the documents contain private medical information.

**IT IS SO ORDERED.**

DATED: October 14, 2010

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge